# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| GARRET QUINN, Individually and on Behalf of Others Similarly Situated,<br><br>v.<br><br>FIELD GEO SERVICES, INC. | Case No: _____<br><br>Collective Action (29 U.S.C. § 216(b))<br><br>Jury Trial Demanded |

## ORIGINAL COMPLAINT

### SUMMARY

1. Field Geo Services, Inc. does not pay its "Geologists" (more commonly known as "mudloggers") overtime as required by the Fair Labor Standards Act (FLSA) and the New Mexico Minimum Wage Act (NMMWA).

2. Instead of paying overtime, Field Geo pays all its field Geologists a set "Day Rate" for each twelve-hour shift worked regardless of the total number of hours worked in a week.

3. Field Geo's day rate pay plan violates the FLSA and NMMWA because employees paid on a day rate basis are still owed overtime for hours worked in excess of 40 in a week. *See, e.g., Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011); *Bracamontes v. Bimbo Bakeries U.S.A. Inc.*, No. 15-CV-02324-RBJ, 2017 WL 3190740, at *7 (D. Colo. July 14, 2017).

4. Garrett Quinn brings this action to recover the unpaid overtime wages and other damages owed to Field Geo's Geologists.

### JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under a federal statute. 29 U.S.C. § 216(b).

6. The Court has supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Field Geo's US Operations are headquartered in this District.

**PARTIES**

8. Quinn started working for Field Geo in February 2018.

9. Quinn works for Field Geo as a field "Geologist."

10. Throughout his employment, Field Geo paid Quinn a day rate for each twelve-hour shift worked with no overtime compensation.

11. Quinn's consent to be a party plaintiff is attached.

12. Quinn brings this action on behalf of himself and all other Field Geo Geologists who were paid according to Field Geo's day rate plan.

13. The class of similarly situated employees (the "Geologists") consists of:

**All Geologists paid according to Field Geo's day rate plan.**

14. Field Geo is a Colorado corporation with its principal place of business in Grand Junction, La Plata County, Colorado.

15. Field Geo does business throughout America's oil producing states including Colorado, North Dakota, California, Utah, New Mexico, Texas and Wyoming.[1]



---

[1] https://fieldgeoservices.com/about-us/our-services/

16.  Field Geo may be served by serving its registered agent for service of process: Scott Field, 315 Longview Ct., Grand Junction, Colorado 81507 or at any other place where Scott Field may be found.

## FLSA Coverage

17.  For at least the past three years, Field Geo has been an employer within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

18.  For at least the past three years, Field Geo has been part of an enterprise within the meaning of section 3(r) of the FLSA. 29 U.S.C. § 203(r).

19.  For at least the past three years, Field Geo has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

20.  Field Geo has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including computer hardware and software, drilling muds, gas detectors, gas chromatographs, rate-of-penetration recorders, pump stroke counters, pit volume indicators, carbon dioxide detectors and mud resistivity recorders) that have been moved in or produced for commerce.

21.  Further, Field Geo's annual gross volume of sales has exceeded $750,000 in each of the past 3 years.

22.  For at least the past 3 years, Quinn and the Geologists were engaged in commerce or in the production of goods for commerce.

23. Field Geo treated all its Geologists (including Quinn) as employees by setting their work schedules, controlling their job assignments, withholding taxes from their pay, and maintaining their personnel records.

## FACTS

24. Field Geo is a geologic service company providing traditional manned mudlogging, technical geosteering services, and advanced geochemical mudlogging and subsurface geochemical modeling and analysis services to companies in the oil drilling industry.[2]

25. Field Geo bills itself as an "the leader in providing accurately defined comprehensive geochemical data" and the company that delivers "the most comprehensive analysis from any mudlogging company."[3]

26. Quinn and the Geologists are members of the mudlogging crews that perform Field Geo's work.

27. Field Geo's Geologists typically, although not always, worked twelve-hour shifts each day for three weeks on followed by two weeks off.

28. Field Geo paid all its Geologists a flat sum for each twelve-hour shift worked regardless of the number of hours worked that workweek.

29. Field Geo's day rate pay plan is outlined in its "Compensation Rates and Expectations" policy:

---

[2] https://fieldgeoservices.com/about-us/our-company/
[3] https://fieldgeoservices.com/about-us/our-services/

## FieldGeo SERVICES

### Compensation Rates and Expectations

Updated: January 25, 2019

**Daily Charges:**

| | | | | | |
|---|---|---|---|---|---|
| Geologist I | $100 | $125 | $150 | Per Diem (Non-Tax): | $50 |
| Geologist II | $175 | $200 | $225 | Vehicle Allowance: | $50 |
| Geologist III | $250 | $275 | | Invert/Oil Base Mud: | $25 |
| Geologist IV | $300 | $325 | | | |

- Day Rate is paid for a consecutive 12- hour single service and is tied to the day a shift begins
    - Day Tour fill out timesheet at *6:00AM* to record each tour
    - Night Tour fill out timesheet at *6:00PM* to record each tour
- Per diem and vehicle allowance are daily charges that coincide with your 12-hour day rate while working at the job site. Per diem and vehicle are not approved for days in transit to and from job site.
- Vehicle Allowance is intended to offset travel costs to the job, as well as compensate for the occasional requirement of equipment mobilization.
    - **Equipment mobilization is an expectation** of the job and requires a capable, field worthy vehicle.
    - If an employee is instructed to mobilize equipment and is unwilling or unable to do so, their vehicle allowance will be reduced to $25 indefinitely.
- Invert/Oil Based Mud charges are for active drilling in lateral sections.

*Daily reports are essential: In the event that a report is not sent to updates@fieldgeoservices.com every day, verifying services performed, employee's pay may be denied until proof of service is established.

30. Field Geo did not pay its Geologists any overtime for hours worked in excess of 40 in a workweek.

31. Quinn worked for Field Geo as a Geologist.

32. He worked on oil rig sites collecting and examining cuttings of rock brought to the surface by drilling mud.

33. After collecting the samples Quinn describes the type of rocks, analyzes them for oil content and constructs a "well log" – a summary of data that drilling companies use to make decisions about the efficiency and placement of well sites.

- 5 -

34. Quinn prepares daily reports to the clients and to Field Geo informing them of the progress.

35. Quinn usually worked in Texas and New Mexico.

36. Quinn worked in New Mexico for more than 40 hours in a week in both November and December of 2018.

37. While on a hitch in the oilfield, Quinn lived on the well site in the crew quarters.

38. Field Geo's records reflect the location(s) Quinn worked each day and week.

39. Field Geo paid Quinn $300 per twelve-hour shift.

40. Field Geo also paid Quinn other sums such as daily per diems, daily car allowances and "oil-based mud" pay that Field Geo did not include into Quinn's regular rate.

41. Although he often worked more than 80 hours per workweek, Field Geo never paid Quinn any overtime.

42. The Geologists all perform duties like those Quinn performs including collecting and examining rock cuttings, describing the type of rocks, analyzing them for oil content and constructing a "well log."

43. The Geologists worked similar hours and were denied overtime as a result of the same illegal pay practice.

44. The Geologists all regularly worked in excess of 40 hours in a week.

45. Field Geo schedules Geologist for daily twelve-hour shifts, for weeks at a time.

46. But Field Geo does not pay Geologists overtime for hours after 40 in a workweek.

47. Instead of paying them overtime, Field Geo paid the Geologists a flat rate for each twelve-hour shift.

48. Like Quinn, Field Geo pays the Geologists other sums such as daily per diems, daily car allowances and "oil-based mud" pay that Field Geo does not include into their regular rate.

49. Field Geo failed to pay its Geologists overtime.

### FLSA Violations

50. Field Geo's day rate pay plan violates the FLSA because Quinn and the other Geologists did not receive overtime for hours worked over 40 in a week.

51. Field Geo knew, or showed reckless disregard for whether, its day rate plan violated the FLSA.

52. Field Geo's failure to pay overtime compensation to the Geologists was not based on any reasonable interpretation of the law.

53. Nor was Field Geo's decision not to pay overtime made in good faith.

54. Accordingly, Quinn and all those who are similarly situated are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorney's fees, and costs.

### NMMWA Violations

55. Field Geo's day rate pay plan violates the NMMWA (NMSA § 50-4-22) for the same reasons it violates the FLSA – Geologists did not receive overtime for hours worked over 40 in a week.

56. Because it employed Geologists in New Mexico, Field Geo was subject to the requirements of the NMMWA.

57. Field Geo employed Quinn and other Geologists in New Mexico as "employees" within the meaning of the NMMWA.

58. The NMMWA requires employers like Field Geo to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 hours in any one week.

59. Quinn and all other Geologists employed in New Mexico are entitled to overtime pay under the NMMWA.

60. Quinn and the other Geologists employed in New Mexico are entitled to unpaid overtime equal to 1.5 times their regular rates of pay for hours worked in excess of 40 hours in each workweek, prejudgment interest, all available liquidated and/or penalty wages, and such other legal and equitable relief as the Court deems just and proper.

## COLLECTIVE ACTION ALLEGATIONS

61. Numerous employees have been denied overtime by Field Geo's day rate plan.

62. Field Geo's express policies make it clear that it imposes its day rate plan on other Geologists in addition to Quinn.

63. The Geologists all received a flat rate for each twelve-hour shift, regularly worked in excess of 40 hours per week, and were not paid overtime compensation.

64. These employees are similarly situated to Quinn in terms of *relevant* job duties, pay provisions, and employment practices.

65. Field Geo's failure to pay overtime as required by the FLSA results from a generally applicable, systematic pay plan that is not dependent on the personal circumstances of the Geologists.

66. Thus, Quinn's experiences are typical of the experiences of the Geologists.

67. The specific job titles or precise job locations of the various Geologists do not prevent collective treatment.

68. All Geologists, regardless of their precise job requirements or rates of pay, are entitled to overtime for hours worked in excess of 40 in a week.

## JURY DEMAND

69. Quinn demands a trial by jury.

## RELIEF SOUGHT

70. Wherefore, Quinn prays for:

   (a) an order allowing the FLSA claims to proceed as a collective action and directing notice to the other Geologists;

   (b) judgment finding Field Geo in violation of the FLSA;

   (c) judgment finding Field Geo in violation of the NMMWA;

   (d) judgment finding Field Geo liable for to Quinn and the Geologists for unpaid overtime, liquidated damages, and all available penalty damages;

   (e) judgment awarding Quinn and the Geologists reasonable attorney's fees and costs of this action;

   (f) judgment awarding Quinn and the class members pre- and post-judgment interest at the highest rates allowed by law; and

   (g) such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
Admitted to District of Colorado
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

Andrew W. Dunlap
State Bar No. 24078444
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050

Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
adunlap@mybackwages.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

Case No. 1:19-cv-02622-WJM-MEH    Document 1    filed 09/13/19    USDC Colorado    pg 11 of 11

## CONSENT TO JOIN WAGE CLAIM

Print Name: Garrett Quinn

1. I hereby consent to participate in a collective action lawsuit against **Field Geo Services, Inc.** (and its related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: *Garrett Quinn* (DocuSigned by: BC39A074D6AF420)    Date Signed: 6/14/2019

- 11 -