IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-2622-WJM-MEH

GARRETT QUINN, individually and on behalf of others similarly situated,

    Plaintiff,

v.

FIELD GEO SERVICES, INC.,

    Defendant.

---

**ORDER GRANTING STIPULATED MOTION FOR
CONDITIONAL CERTIFICATION AND APPROVAL OF NOTICE**

---

    This matter is before the Court on Plaintiff Garrett Quinn's Motion for Conditional Certification as a Collective Action ("Motion") (ECF No. 24) and the parties' Stipulation to Plaintiff's Motion ("Stipulation") (ECF No. 30). For the reasons set forth below, the Motion is granted.

### I. BACKGROUND

    Garrett Quinn brings this action against Field Geo Services, Inc. ("Field Geo") on behalf of himself and others similarly situated, seeking to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. On January 3, 2020, Plaintiff filed a motion to conditionally certify this case as a collective action pursuant to 29 U.S.C. § 216(b). (ECF No. 24.) On February 21, 2020, the parties jointly filed their Stipulation (ECF No. 30), agreeing that this case should be conditionally certified as a collective action and proposing notice and consent-to-join forms that will be sent to the eligible members of this putative collective action. Quinn's

factual allegations are briefly summarized as follows.

Field Geo is a "geologic service company." (¶ 24.)[1] Quinn worked for Field Geo as a "mudlogger" or "Geologist." (¶ 31.) Field Geo Geologists like Quinn typically work twelve-hour shifts each day for three weeks and then take the following two weeks off. (¶ 27.) At the relevant times, Field Geo paid all of its Geologists a flat sum for each twelve-hour shift worked, regardless of the total number of hours worked in a week ("day rate plan"). (¶ 28.) In adhering to this compensation structure, Field Geo has failed to provide its Geologists overtime pay for hours worked in excess of 40 hours per week. (¶ 30.)

## II. LEGAL STANDARD

The FLSA permits collective actions where the allegedly aggrieved employees are "similarly situated." 29 U.S.C. § 216(b). Whether employees are similarly situated is judged in two stages: a preliminary or "notice stage" (at issue here) and then a more searching, substantive stage, usually after the close of discovery. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102–03, 1105 (10th Cir. 2001). At the notice stage, conditional certification requires "nothing more than substantial allegations that the putative [collective action] members were together the victims of a single decision, policy, or plan." *Id.* at 1102 (internal quotation marks omitted); *see also Boldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005) (applying *Thiessen*). The standard for certification at this stage of the proceedings is a lenient one. *See Thiessen*, 267 F.3d at 1103; *Williams v. Sprint/United Mgmt. Co.*, 222 F.R.D.

---

[1] Citations to a paragraph number, without more, *e.g.* (¶ __), are to paragraphs in Plaintiff's Original Complaint (ECF No. 1).

483, 485 (D. Kan. 2004).

If a plaintiff meets this standard, the Court may order the defendant to provide contact information for employees that may be eligible to participate in the collective action, and may approve a form of notice to be sent to all of those individuals.  *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-74 (1989).  Such notice is usually required because, unlike class actions under Federal Rule of Civil Procedure 23, collective actions under the FLSA require a party to opt in rather than opt out.  *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any [collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

### III.  ANALYSIS

**A.     Collective Action Conditional Certification**

The parties define membership in this putative collective action as: "All Field Geologists who Field Geo Services, Inc. employed in the U.S. and who Field Geo Services, Inc. paid according to its day rate plan at any time from August 17, 2017 to present."  (*See* Court-approved "Notice of Unpaid Overtime Lawsuit" Form, enclosed with this Order.)

Given the parties' Stipulation (ECF No. 30) and upon independent review, the Court finds that Plaintiff has made allegations sufficient to warrant conditional certification.  *See Thiessen*, 267 F.3d at 1103.  Plaintiff alleges that Field Geo has failed to pay a proper overtime wage to himself and to all other Geologists.  (¶¶ 27–28, 31.)  At this stage of the proceedings, these allegations are sufficient to establish that the potential collective action members were subject to "a single decision, policy, or

plan" giving rise to their unpaid-wage claims.  *See Thiessen*, 267 F.3d at 1103.  As such, the Court will conditionally certify the proposed collective action as defined in the Court-approved "Notice of Unpaid Overtime Lawsuit" Form enclosed with this Order.

**B.     Form of Notice & Notice Procedures**

The parties have stipulated to a "Notice of Unpaid Overtime Lawsuit" Form and "Consent to Join" Form, the revised versions of which are enclosed with this Order.  The Court has independently reviewed both documents and finds them appropriate.  In particular, the Court finds that the procedures for notifying potential members of this putative collective action set forth in the "Notice of Unpaid Overtime Lawsuit" Form are satisfactory.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Pursuant to the parties' Stipulation (ECF No. 30) and upon independent review, Plaintiff's Motion for Conditional Certification as a Collective Action (ECF No. 24) is GRANTED;

2. This action is CONDITIONALLY CERTIFIED as a collective action under 29 U.S.C. § 216(b) with eligible collective action members defined as: "All Field Geologists who Field Geo Services, Inc. employed in the United States and who Field Geo Services, Inc. paid according to its day rate plan at any time from August 17, 2017 to the present."

3. The "Notice of Unpaid Overtime Lawsuit" and "Consent to Join" forms enclosed with this Order are APPROVED;

4. Within **10 days** of the entry of this Order, Field Geo shall provide Plaintiff with the full names, last known addresses, last known e-mail addresses, last known telephone numbers, and beginning and ending date(s) of work performed for or on behalf of Field Geo, of the eligible members of the putative collective action as described in paragraph (2) above;

5. Within **20 days** of the entry of this Order, Plaintiff's counsel shall send a copy of the Court-approved "Notice of Unpaid Overtime Lawsuit" and "Consent to Join" forms to the eligible members of this putative collective action by First Class U.S. Mail and by e-mail.  Field Geo shall also be required to post the Notice and Consent forms on all Field Geo-controlled jobsites for 60 days in an open and obvious location.

6. In order to opt in to this putative collective action, the eligible members shall have until **October 16, 2020** to complete, sign and mail, e-mail, or fax the "Consent to Join" form to Plaintiff's counsel.

Dated this 28th day of July, 2020.

BY THE COURT:

_William J. Martinez_
William J. Martinez
United States District Judge